E-FILED
Thursday, 30 April, 2026  11:32:28 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

KEIRSEAN M. BOND,
    Petitioner,

v.

Jacob Bailey, Warden, Hill Correction
Center,
    Respondent.

Case No. 4:26-cv-4004-JEH

## Opinion

Before the Court are Petitioner Keirsean M. Bond's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and Supplemental Petitions (Docs. 2, 3), and Respondent's[1] Motion to Dismiss (Doc. 12). Petitioner seeks to challenge a disciplinary hearing that resulted in a loss of good time credits, but has not exhausted his state court remedies. For the reasons below, the Court grants Respondent's Motion to Dismiss (Doc. 12) and DISMISSES Petitioner's Petition (Doc. 1) and Supplemental Petitions (Docs. 2, 3) without prejudice for failure to exhaust. The Court declines to issue a certificate of appealability.

### I[2]

Petitioner is currently serving an aggregate 40-year term of imprisonment in the Illinois Department of Corrections (IDOC) for his Illinois convictions of first degree murder, attempted murder, and armed robbery.

---

[1] The warden of Hill Correction Facility is now Jacob Bailey. Accordingly, Jacob Bailey will be substituted for Tyrone Baker as respondent.

[2] Unless otherwise noted, the facts are taken from Respondent's brief. *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."). Moreover, the relevant facts for purposes of this procedural issue are not in dispute.

Petitioner's Petition challenges the loss of good conduct credit following prison disciplinary proceedings while serving his sentence. Specifically, on September 23, 2025, Petitioner pleaded guilty to four prison rule violations after he supplied others with drugs in prison: (1) drugs and drug paraphernalia (offense number 302); (2) possessing or soliciting unauthorized personal information of another (offense number 211); (3) abuse of privileges (offense number 310); and (4) violation of rules (offense number 404). See (Doc. 12-2 at 1–12) (Illinois Department of Corrections (IDOC) Final Summary Report and Disciplinary Report, Ticket 202502927); see also 20 Ill. Admin. Code § 504.App'x A (Offense Numbers and Definitions). As a result, the Director of IDOC imposed several disciplinary sanctions, including the revocation of six months of good conduct credit (GCC). *Id.* at 3; *see generally* 730 ILCS 5/3-6-3 (a)(2)(ii) and (iii) (explaining GCC accrual for attempted first degree murder and armed robbery, respectively); *id.* § 5/3-6-3(c) (explaining revocation of GCC).

After the imposition of sanctions, Petitioner filed a grievance seeking to vacate the disciplinary sanctions. The Administrative Review Board (ARB) reviewed the grievance and found no justification for additional consideration of the Director's decision and denied further redress on December 18, 2025. Respondent reports it has not located any actions by Petitioner challenging this decision via a mandamus action in state court.

Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) on January 13, 2026, as well as two supplemental petitions (Docs. 2, 3), arguing that the disciplinary proceedings violated his due process rights, confrontation rights, and right against cruel and unusual punishment. In response, Respondent filed a Motion to Dismiss (Doc. 12), arguing that the Petition should be dismissed for failure to exhaust. Petitioner has now filed a response to the motion (Doc. 14). This Order follows.

2

## II

Petitioner is a state prisoner and is challenging his prison disciplinary proceedings that resulted in a loss of good time credits. A state prisoner must exhaust his available state court remedies before challenging his custody in a federal habeas petition, unless there is an absence of an available State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§ 2254(b)(1)(A)–(B). To fairly present a federal claim, a petitioner must assert that claim throughout at least one complete round of state court review, whether on direct appeal of his conviction or in postconviction proceedings. *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014). The complete round requirement means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Id.* at 268. While a petitioner does not have to pursue all separate state remedies that are available to him, he must give the state courts "one fair opportunity to pass upon and correct the alleged violations." *McAtee v. Cowan*, 250 F.3d 506, 509 (7th Cir. 2001).

In Illinois, a State corrective process exists. A petition for writ of mandamus pursuant to 735 ILCS 5/14-101, *et seq.*, is "the established means for an Illinois inmate to challenge in court a disciplinary decision and is also a prerequisite for Illinois prisoners challenging disciplinary actions in federal court by bringing a § 2254 petition in federal court." *Donelson v. Pfister*, 811 F.3d 911, 915 (7th Cir. 2016). Additionally, in Illinois, the "one complete round" requirement requires a petitioner to appeal and to "include his claims in a petition for leave to appeal to the Illinois Supreme Court." *Snow v. Pfister*, 880 F.3d 857, 864 (7th Cir. 2018) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845–46 (1999)).

Here, Petitioner does not contend that he has filed petition for writ of mandamus pursuant to 735 ILCS 5/14-101 to challenge his disciplinary proceedings or any other action (if one exists) to exhaust his state court remedies. Rather, he argues that the procedural requirement should be disregarded because of the merits of his claims. (Doc. 14 at 1). However, even if the Court agreed with Petitioner's sentiments, there is no legal basis for the Court to allow Petitioner to forego the statutory requirement of exhaustion and jump to a review of the merits of his claims. Should Petitioner wish to further pursue his claims in federal court, he must first exhaust them in state court. Accordingly, the Court finds that Petitioner's Petition must be dismissed without prejudice for lack of exhaustion. If Petitioner exhausts his state court remedies and seeks further review, he may file another § 2254 Petition at that time.

## III

Should Petitioner wish to appeal this decision, he must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016). Here, the Court does not find that reasonable jurists could disagree that Petitioner's claims are unexhausted. Accordingly, the Court declines to issue a certificate of appealability.

## IV

Accordingly, Warden Jacob Bailey is substituted for Tyrone Baker as Respondent. The Court GRANTS Respondent's Motion to Dismiss Doc. 12) and DISMISSES Petitioner's Petition (Doc. 1) and Supplemental Petitions (Docs. 2, 3)

without prejudice for failure to exhaust. The Court declines to issue a certificate of appealability. The Clerk is DIRECTED to issue judgment in favor of Respondent and CLOSE the case.

*It is so ordered.*

Entered on April 30, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE